LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (CA Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (CA Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Telephone:      (818) 347-3333
Facsimile:       (818) 347-4118
Attorneys for Plaintiffs
Pending admission pro hac vice

HERRMANN LAW GROUP
Anthon Marsh (WSBA #45194)
anthony@hlg.lawyer
Crystal R. Lloyd (WSBA #46072)
crystal@hlg.lawyer
1535 Tacoma Ave S
Tacoma, WA 98402
Telephone:      (253) 426-1616
Facsimile:       (253) 426-1617
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANGELINA SMALLS, as the personal representative of THE ESTATE OF BENNIE BRANCH, and BRENDELIN BRANCH, individually,<br><br>                Plaintiffs,<br><br>        vs.<br><br>CITY OF TACOMA; RYAN BRADLEY and "JANE DOE" BRADLEY, individually and the marital community comprised thereof; and DOES 1-10, inclusive,<br><br>                Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL**<br><br>1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)<br>4. Substantive Due Process—(42 U.S.C. § 1983)<br>5. False Arrest/False Imprisonment<br>6. Battery<br>7. Negligence<br>8. Negligent Infliction of Emotional Distress |

COMPLAINT FOR DAMAGES &
JURY DEMAND - 1

HERRMANN LAW GROUP
1535 Tacoma Ave S
Tacoma, WA 98402
P: (253) 426-1616
F: (253) 426-1617

## COMPLAINT FOR DAMAGES

1.  Plaintiffs THE ESTATE OF BENNIE BRANCH, by and through his court appointed administrator of his estate, ANGELINA SMALLS, and BRENDELIN BRANCH, individually for their complaint against Defendants CITY OF TACOMA, RYAN BRADLEY and "JANE DOE" BRADLEYS, and Does 1-10, inclusive, allege as follows:

## INTRODUCTION

2.  This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal police shooting of the decedent, Bennie Branch.

## PARTIES

3.  At all relevant times, Bennie Branch ("DECEDENT") was an individual residing in Pierce County, Washington.

4.  Plaintiff BRENDELIN BRANCH is an individual residing in Pierce County, Washington, and is the natural mother of DECEDENT. BRENDELIN BRANCH sues in her individual capacity and seeks wrongful death damages under federal and state law. BRENDELIN BRANCH also seeks damages individually for emotional distress based on having observed her son, DECEDENT, being fatally shot by the involved officers.

5.  Plaintiff ANGELINA SMALLS, is the sister of the decedent and court appointed administrator of the estate of DECEDENT and sues in a representative capacity as the Personal Representative of DECEDENT's estate and seeks survival damages under federal and state law. ANGELINA SMALLS resides in the County of Sacramento, California.

6.  Defendant RYAN BRADLEY, is the CITY OF TACOMA police officer involved in the deadly shooting of Bennie Branch. At the time of the incident,

COMPLAINT FOR DAMAGES &
JURY DEMAND - 2

HERRMANN LAW GROUP
1535 Tacoma Ave S
Tacoma, WA 98402
P: (253) 426-1616
F: (253) 426-1617

RYAN BRADLEY was acting under color of state law as a police officer for the CITY OF TACOMA Police Department ("TPD") and he was acting within the course and scope of his employment as a police officer for the TPD. All of the acts complained of herein against the defendants were undertaken individually and on behalf of and for the benefit of the CITY OF TACOMA and the TPD. Upon information and belief, RYAN BRADLEY resides in Pierce County, Washington.

7.  At all relevant times, Defendant CITY OF TACOMA ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of Washington.  At all relevant times, CITY was the employer of Defendant RYAN BRADLEY, and DOES 1-10, who were police officers of CITY's police department.  On information and belief, at all relevant times, DOES 1-10 were residents of Pierce County, Washington. DOES 1-10 are sued in their individual capacity for damages only.

8.  At all relevant times, Defendants RYAN BRADLEY, and DOES 1-10 were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers with the complete authority and ratification of their principal, Defendant CITY.

9.  At all relevant times, Defendants RYAN BRADLEY, and DOES 1-10 were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

10. In doing the acts and failing and omitting to act as hereinafter described, Defendants RYAN BRADLEY, and DOES 1-10 were acting on the implied and actual permission and consent of CITY.

11. At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

COMPLAINT FOR DAMAGES &
JURY DEMAND - 3

HERRMANN LAW GROUP
1535 Tacoma Ave S
Tacoma, WA 98402
P: (253) 426-1616
F: (253) 426-1617

12. The true names of defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.  Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

13. On June 29, 2020, amended claim form mailed December 15, 2020, Plaintiffs filed a claim for damages with CITY pursuant to applicable sections of the Revised Codes of Washington, including RCW 4.96 and 4.96.020.

## JURISDICTION AND VENUE

14. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

15. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in Pierce County, Washington.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

16. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 15 of this Complaint with the same force and effect as if fully set forth herein.

17. On or about September 8, 2019, DECEDENT was near the intersection of East 35th Street and Portland Avenue in Tacoma, Washington.

18. DECEDENT was the passenger in his mother's car when the car was stopped by officers from the Tacoma Police Department ("TPD").  DECEDENT was not being detained or arrested by any member of TPD as he drove down the street with his mother.  As DECEDENT and his mother drove down the street

COMPLAINT FOR DAMAGES &
JURY DEMAND - 4

they were pulled over by TPD officers without reasonable suspicion or probable cause.

19. After being pulled over, DECEDENT exited out of the vehicle and onto the street.  Near the intersection of East 35th Street and Portland Avenue, BRADLEY discharged his firearm at DECEDENT, striking him several times, including four (4) shots to the back, as DECEDENT was facing away and moving away from the involved officers, causing DECEDENT serious physical injury and eventually killing him.

20. At the time of the shooting, DECEDENT did not have a weapon in his hands, nor did he have anything in his hands that resembled a weapon. DECEDENT never made a furtive movement with a weapon in his hands, nor did he threaten the involved officers with a weapon.  Further, DECEDENT was shot as he ran away from the officers with nothing in his hands, including four (4) shots to his back, as well as additional shots as he was going down to the ground, and after he already went down to the ground.

21. Decedent was punched, kicked, elbowed and tased prior to being fatally shot by the involved officers, including by BRADLEY and DOES 1-10.  At the time of the shooting DECEDENT posed no immediate threat of death or serious physical injury to either BRADLEY, DOES 1-10 or any other person, especially since his hands were visibly empty, he was not reaching for a weapon and he was running away from BRADLEY when he was fatally shot, including four (4) shots to his back.

22. DECEDENT never punched, kicked or struck any of the officers, nor did he attempt to do so, he did not physically injure anyone, including BRADLEY and DOES 1-10, and he never verbally threatened anyone prior to being fatally shot.

23. On information and belief, BRADLEY and DOES 1-10 had no information that DECEDENT had committed a felony.

COMPLAINT FOR DAMAGES &
JURY DEMAND - 5

HERRMANN LAW GROUP
**1535 Tacoma Ave S**
**Tacoma, WA 98402**
**P: (253) 426-1616**
**F: (253) 426-1617**

24. After shooting DECEDENT multiple times, BRADLEY and DOES 1-10 did not timely summons or provide medical attention for DECEDENT, who was bleeding profusely and had obvious serious injuries.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—**

**Detention and Arrest (42 U.S.C. § 1983)**

(Against Defendants)

25. Plaintiffs repeat and reallege each and every allegation in paragraph 1 through 24 of this Complaint with the same force and effect as if fully set forth herein.

26. Defendants BRADLEY and DOES 1-10 caused DECEDENT to be detained and they attempted to arrest him in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

27. As a result of the conduct of BRADLEY and DOES 1-10, they are liable for DECEDENT's injuries because they were either integral participants to the violations of DECEDENT's rights or they failed to intervene to prevent these violations.

28. The DECEDENT was detained without reasonable suspicion and BRADLEY and DOES 1-10 attempted to arrest DECEDENT without probable cause.

29. The conduct of BRADLEY and DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to BRADLEY and DOES 1-10.

COMPLAINT FOR DAMAGES &
JURY DEMAND - 6

HERRMANN LAW GROUP
1535 Tacoma Ave S
Tacoma, WA 98402
P: (253) 426-1616
F: (253) 426-1617

30. Accordingly, Defendants BRADLEY and DOES 1-10, are each liable to Plaintiffs for compensatory and punitive damages, including both survival damages and wrongful death damages, under 42 U.S.C. § 1983.

31. Plaintiffs also seek attorney fees under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against Defendants RYAN BRADLEY and DOES 1-10)

32. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 31 of this Complaint with the same force and effect as if fully set forth herein.

33. BRADLEY and DOES 1-10's unjustified use of force against DECEDENT, both deadly and non-deadly, deprived DECEDENT of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

34. The unreasonable use of force by Defendant BRADLEY and DOES 1-10 deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

35. As a result, DECEDENT suffered extreme mental and physical pain and suffering, loss of enjoyment of life and eventually suffered a loss of life and of earning capacity.  Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.  Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

HERRMANN LAW GROUP
1535 Tacoma Ave S
Tacoma, WA 98402
P: (253) 426-1616
F: (253) 426-1617

36. As a result of the conduct of BRADLEY and DOES 1-10, they are liable for DECEDENT's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

37. This use of deadly force against DECEDENT, including both deadly and non-deadly, was excessive and unreasonable under the circumstances, especially since DECEDENT hands were visibly empty, he was not reaching for a weapon at the time of the shooting, and he was fatally shot as he ran away from BRADLEY and DOES 1-10, including four (4) shots to his back and additional shots as he went down to the ground and was already on the ground.  Further, DECEDENT was not trying to gain access to any weapon when he was shot, including any weapons on the ground or in the street.   Moreover, it would have been unreasonable to shoot DECEDENT for attempting to flee from BRADLEY and DOES 1-10.  Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

38. By virtue of the facts set forth above, all DEFENDANTS are liable for the deprivation of DECEDENT's civil rights guaranteed by the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983, to be free from the use of excessive force and physical brutality.

39. The conduct of BRADLEY and DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants BRADLEY and DOES 1-10.

40. Plaintiff ANGELINA SMALLS brings this claim as the court appointed representative of DECEDENT's estate and seeks survival damages for the violation of DECEDENT's rights.

41. Plaintiffs also seek attorney fees under this claim.

## **THIRD CLAIM FOR RELIEF**

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants RYAN BRADLEY and DOES 1-10)

42. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

43. The denial of medical care by Defendants RYAN BRADLEY and DOES 1-10 deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

44. As a result, DECEDENT suffered extreme mental and physical pain and suffering and eventually suffered a loss of life and earning capacity.  Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

45. Defendants RYAN BRADLEY and DOES 1-10 knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

46. After shooting DECEDENT multiple times, RYAN BRADLEY and DOES 1-10 did not timely summons medical attention for DECEDENT, who was bleeding profusely, had obvious serious injuries and was still displaying signs of life.

47. The conduct of RYAN BRADLEY and DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of

COMPLAINT FOR DAMAGES &
JURY DEMAND - 9

HERRMANN LAW GROUP
1535 Tacoma Ave S
Tacoma, WA 98402
P: (253) 426-1616
F: (253) 426-1617

1   DECEDENT and therefore warrants the imposition of exemplary and punitive

2   damages as to Defendant RYAN BRADLEY and DOES 1-10.

3   48. Plaintiff ANGELINA SMALLS bring this claim as the court appointed

4   representative of DECEDENT's estate and seeks survival damages for the

5   violation of DECEDENT's rights.

6   49. Plaintiffs also seek attorney fees under this claim.

7   **FOURTH CLAIM FOR RELIEF**

8   **Substantive Due Process (42 U.S.C. § 1983)**

9   (Against Defendant RYAN BRADLEY and DOES 1-10)

10   50. Plaintiffs repeat and reallege each and every allegation in paragraphs 1

11   through 49 of this Complaint with the same force and effect as if fully set forth

12   herein.

13   51. BRENDELIN BRANCH and had a cognizable interest under the Due

14   Process Clause of the Fourteenth Amendment of the United States Constitution to

15   be free from state actions that deprive her of life, liberty, or property in such a

16   manner as to shock the conscience, including but not limited to, unwarranted state

17   interference in Plaintiff's familial relationship with her son, DECEDENT.

18   52. DECEDENT had a cognizable interest under the Due Process Clause of the

19   Fourteenth Amendment of the United States Constitution to be free from state

20   actions that deprive him of his right to life, liberty, or property in such a manner as

21   to shock the conscience.

22   53. As a result of the excessive force by RYAN BRADLEY and DOES 1-10,

23   and their failure to intervene, DECEDENT died.   Plaintiff BRENDALIN

24   BRANCH was thereby deprived of their constitutional right of familial

25   relationship with DECEDENT.

26

27

HERRMANN LAW GROUP
1535 Tacoma Ave S
Tacoma, WA 98402
P: (253) 426-1616
F: (253) 426-1617

54. RYAN BRADLEY and DOES 1-10, acting under color of state law, thus violated the Fourteenth Amendment rights of BRENDELIN BRANCH to be free from unwarranted interference with their familial relationship with DECEDENT.

55. The aforementioned actions of RYAN BRADLEY and DOES 1-10, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiff BRENDELIN BRANCH with purpose to harm unrelated to any legitimate law enforcement objective.

56. Defendants RYAN BRADLEY and DOES 1-10, acting under color of state law, thus violated the Fourteenth Amendment rights of DECEDENT and Plaintiff.

57. As a direct and proximate cause of the acts of RYAN BRADLEY and DOES 1-10, DECEDENT experienced severe pain and suffering and lost his life and earning capacity.  Plaintiff suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

58. As a result of the conduct of RYAN BRADLEY and DOES 1-10, they are liable for DECEDENT'S injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

59. The conduct of RYAN BRADLEY and DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants RYAN BRADLEY and DOES 1-10.

60. Plaintiff BRENDELIN BRANCH brings this claim individually and seeks wrongful death damages for the violation of Plaintiff's rights.

HERRMANN LAW GROUP
1535 Tacoma Ave S
Tacoma, WA 98402
P: (253) 426-1616
F: (253) 426-1617

61. Plaintiff also seeks attorney fees under this claim.

## FIFTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment (Common Law)

(Wrongful Death)

(Against Defendants RYAN BRADLEY, DOES 1-10 and CITY)

62. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 61 of this Complaint with the same force and effect as if fully set forth herein.

63. Defendants RYAN BRADLEY and DOES 1-10, while working as police officers for CITY, and acting within the course and scope of their duties, intentionally deprived DECEDENT of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress. Defendants RYAN BRADLEY and DOES 1-10 also detained DECEDENT without reasonable suspicion. There was an attempt to arrest the DECEDENT without probable cause.

64. DECEDENT did not knowingly or voluntarily consent.

65. The conduct of against DECEDENT by Defendants RYAN BRADLEY and DOES 1-10 was a substantial factor in causing the harm of DECEDENT.

66. CITY is vicariously liable for the wrongful acts of RYAN BRADLEY and DOES 1-10 because BRADLEY and DOES 1-10 were acting within the course and scope of their employment as police officers for the CITY's police department at the time of the incident.

67. The conduct of RYAN BRADLEY and DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiff to an award of exemplary and punitive damages.

68. Plaintiffs are seeking both survival and wrongful death damages under this claim.

COMPLAINT FOR DAMAGES &
JURY DEMAND - 12

HERRMANN LAW GROUP
1535 Tacoma Ave S
Tacoma, WA 98402
P: (253) 426-1616
F: (253) 426-1617

## SIXTH CLAIM FOR RELIEF

### Battery (Common Law)

(Against Defendants RYAN BRADLEY, DOES 1-10 and CITY)

69. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 68 of this Complaint with the same force and effect as if fully set forth herein.

70. RYAN BRADLEY, DOES 1-10, while working as police officers for the CITY police department, and acting within the course and scope of their duties, used force against DECEDENT, including both non-lethal and lethal force.  As a result of the actions of RYAN BRADLEY and DOES 1-10, DECEDENT suffered severe mental and physical pain and suffering, loss of enjoyment of life and ultimately died from his injuries and lost earning capacity.  RYAN BRADLEY and DOES 1-10 had no legal justification for using force against DECEDENT and said Defendants' use of force while carrying out their officer duties was an unreasonable use of force, especially since DECEDENT's hands were visibly empty, he was not reaching for a weapon, and he was running away from the involved officers when he was shot, including four (4) shots to his back and additional shots as he was going down to the ground and already on the ground.  It was also unreasonable to use deadly force against DECEDENT for running away or attempting to flee.  As a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body.  Plaintiff also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.  Plaintiff is also claiming funeral and burial expenses and a loss of financial support.

COMPLAINT FOR DAMAGES &
JURY DEMAND - 13

HERRMANN LAW GROUP
1535 Tacoma Ave S
Tacoma, WA 98402
P: (253) 426-1616
F: (253) 426-1617

71. CITY is vicariously liable for the wrongful acts of RYAN BRADLEY and DOES 1-10 because BRADLEY and DOES 1-10 were acting within the course and scope of their employment as police officers for the CITY's police department at the time of the incident.

72. The conduct of RYAN BRADLEY and DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiff to an award of exemplary and punitive damages.

73. Plaintiffs bring this claim both individually and as a successors-in-interest to DECEDENT, and seek both survival and wrongful death damages.

## SEVENTH CLAIM FOR RELIEF

### Negligence

(Against All Defendants)

74. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 73 of this Complaint with the same force and effect as if fully set forth herein.

75. The actions and inactions of the Defendants were negligent and reckless, including but not limited to:

(a)     the failure to properly and adequately train employees, including BRADLEY and DOES 1-10, with regards to the use of force, including both deadly and non-deadly force;

(b)     the failure to properly and adequately assess the need to detain, arrest, and use force, including deadly force against DECEDENT;

(c)     the failure to properly and adequately assess the need to conduct a vehicle stop;

(d)     the failure to properly and adequately assess the need to use deadly force against individuals who are running away or attempting to flee;

HERRMANN LAW GROUP
1535 Tacoma Ave S
Tacoma, WA 98402
P: (253) 426-1616
F: (253) 426-1617

1
2
3
4
5
6
7
8
9
10
11
12

(e)     the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(f)     the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

(g)     the failure to provide prompt medical care to DECEDENT;

(h)     the failure to properly train and supervise employees, both professional and non-professional, including BRADLEY and DOES 1-10;

(i)     the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT; and

(j)     the negligent handling of evidence and witnesses.

76. As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity.  Also as a direct and proximate result of defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body.  Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

77. CITY is vicariously liable for the wrongful acts of BRADLEY and DOES 1-10 because BRADLEY and DOES 1-10 were acting within the course and scope of their employment as police officer for the CITY's police department at the time of the incident.

78. Plaintiff brings this claim individually and seeks wrongful death damages.

HERRMANN LAW GROUP
1535 Tacoma Ave S
Tacoma, WA 98402
P: (253) 426-1616
F: (253) 426-1617

## EIGHTH CLAIM FOR RELIEF

**Wrongful Death and Survivorship Claims**

(RCW 4.20 and Common Law)

(Against All Defendants)

79. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 78 of this Complaint with the same force and effect as if fully set forth herein.

80. As a proximate cause of the conduct of DEFENDANTS, the DECEDENT sustained bodily injuries, great pain and suffering prior to death, death, and other general and special damages in an amount to be proven at the time of trial and/or arbitration.

81. DECEDENT'S causes of action survive his death and are brought by ANGELINA SMALLS as the Personal Representative of Bennie Branch's Estate. Further, ANGELINA SMALLS, as the Personal Representative of Bennie Branch's Estate, brings this wrongful death claim for all the beneficiaries of DECEDENT, as authorized by Washington laws.

As a proximate cause of the negligent conduct of DEFENDANTS, PLAINTIFFS sustained general damages under RCW 4.20 in amounts to be proven at the time of trial and/or arbitration.

## NINTH CLAIM FOR RELIEF

**Negligent Infliction of Emotional Distress**

**(Common Law)**

(By Plaintiff BRENDELIN BRANCH against Defendants BRADLEY, DOES 1-10 and CITY)

82. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 82 of this Complaint with the same force and effect as if fully set forth herein.

COMPLAINT FOR DAMAGES &
JURY DEMAND - 16

HERRMANN LAW GROUP
1535 Tacoma Ave S
Tacoma, WA 98402
P: (253) 426-1616
F: (253) 426-1617

83. Defendants BRADLEY and DOES 1-10 negligently caused physical injury and death to DECEDENT when BRADLEY and DOES 1-10 used force against DECEDENT, including both deadly and non-deadly force.  The use of force, including deadly force, by BRADLEY and DOES 1-10 was excessive, unreasonable and BRADLEY and DOES 1-10 were negligent in discharging their taser and firearm at DECEDENT, including pre-shooting negligent conduct, actions, inactions and tactics.

84. BRENDELIN BRNACH was present at the scene when BRADLEY and DOES 1-10 used force against DECEDENT, including both deadly and non-deadly force, and BRENDELIN BRANCH saw and was aware that DECEDENT was being injured.

85. As a result of being present at the scene and seeing her son, DECEDENT, being fatally shot by BRADLEY and DOES 1-10, BRENDELIN BRANCH suffered serious emotional distress, including but not limited to, suffering anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

86. On information and belief, an ordinary reasonable person would be unable to cope with seeing their son fatally shot multiple times by the police, including four (4) shots to his back.

87. CITY is vicariously liable for the wrongful acts of Defendants BRADLEY and DOES 1-10 because BRADLEY and DOES 1-10 were acting within the course and scope of their employment as police officers for the CITY'S police department at the time of the incident.

88. BRENDELIN BRANCH brings this claim individually and seek damages under this claim as an individual.

## RESERVATION

89.  Plaintiff's investigation is ongoing. Subsequent discovery may very well reveal additional acts of negligence on the part of these Defendants or their agents.

HERRMANN LAW GROUP
1535 Tacoma Ave S
Tacoma, WA 98402
P: (253) 426-1616
F: (253) 426-1617

90. Further, the exact nature and full extent of Plaintiff's injuries and damages are not yet known. Plaintiffs may have additional claims or causes of action.

91. Accordingly, Plaintiff's reserve the right to subsequently amend this complaint to conform to the evidence.

## LIMITED MEDICAL WAIVER

92. Plaintiffs hereby waive the physician-patient privilege only to the extent required by RCW 5.60.060, as limited by Plaintiffs constitutional rights of privacy, contractual rights of privacy, and the ethical obligation of physicians and attorneys not to engage in ex parte contact between a treating physician and the patient's legal adversaries.

## PRAYER FOR RELIEF

93. WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants CITY OF TACOMA, RYAN BRADLE and "JANE DOE" BRADLEY, and DOES 1-10 inclusive, as follows:

> A.   For compensatory damages in excess of $1,000,000, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;
>
> B.   For funeral and burial expenses, and loss of financial support;
>
> C.   For punitive damages against the individual defendants in an amount to be proven at trial;
>
> D.   For interest;
>
> E.   For reasonable costs of this suit and attorneys' fees; and
>
> F.   For such further other relief as the Court may deem just, proper, and appropriate,

94. The full nature and extent of which will be proven at trial, together with attorney fees, costs, and disbursements herein, as well as such other relief as the Court deems just and equitable.

HERRMANN LAW GROUP
1535 Tacoma Ave S
Tacoma, WA 98402
P: (253) 426-1616
F: (253) 426-1617

1   DATED:  January 20, 2021

2

3                                 LAW OFFICES OF DALE K. GALIPO

4                                 */s/ Eric Valenzuela*

5                                 Dale K. Galipo

6                                 Eric Valenzuela

                                   Attorneys for Plaintiffs

7                                 Pending Admission Pro Hac Vice

8

9                                 HERRMANN LAW GROUP

10                                */s/ Anthony Marsh*

                                Anthon Marsh, WSBA #45194

11                               Crystal R. Lloyd, WSBA #46072

                                Attorney for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**COMPLAINT FOR DAMAGES &**
**JURY DEMAND - 19**

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2          Plaintiffs hereby demand a trial by jury.

3    DATED this 20th day of January, 2022.

4

5                                        LAW OFFICES OF DALE K. GALIPO

6                                        */s/ Eric Valenzuela*
                                         Dale K. Galipo
7                                        Eric Valenzuela
8                                        Attorneys for Plaintiffs
                                         Pending Admission Pro Hac Vice
9

10                                       HERRMANN LAW GROUP

11                                       */s/ Anthony Marsh*
12                                       Anthon Marsh, WSBA #45194
                                         Crystal R. Lloyd, WSBA #46072
13                                       Attorney for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**COMPLAINT FOR DAMAGES &**                        **HERRMANN LAW GROUP**
**JURY DEMAND - 20**                                  **1535 Tacoma Ave S**
                                                      **Tacoma, WA 98402**
                                                     **P: (253) 426-1616**
                                                     **F: (253) 426-1617**